✎JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AHMETI

| | DEFENDANTS |
|---|---|
| | SUTHERLAND GLOBAL SERVICES, INC., DOES 1 THROUGH 10 |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Clifton, NJ

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kalikman & Rayz, LLC 1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006 (215) 364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
         Plaintiff

☒ 3  Federal Question
         (U.S. Government Not a Party)

☐ 2  U.S. Government
         Defendant

☐ 4  Diversity
         (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
         Proceeding

☐ 2  Removed from
         State Court

☐ 3  Remanded from
         Appellate Court

☐ 4  Reinstated or
         Reopened

☐ 5  Transferred from
         another district
         (specify)

☐ 6  Multidistrict
         Litigation

☐ 7  Appeal to District
         Judge from
         Magistrate
         Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692 et seq.

Brief description of cause:
FDCPA Claim

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
    UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
5/13/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006

Address of Defendant: 2 Brighton Road Clifton, NJ 07012-1645

Place of Accident, Incident or Transaction: Philadelphia County

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692 et. seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Eric Rayz, Esq., counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/13/15 _____   Attorney-at-Law _____   87976   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/13/15 _____   Attorney-at-Law _____   87976   Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| AHMETI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUTHERLAND GLOBAL SERVICES, INC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                    (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( )


| | | |
|---|---|---|
| 5/13/15 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERTA AHMETI and ASTRIT AHMETI, on behalf of themselves and others similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>SUTHERLAND GLOBAL SERVICES, INC. d/b/a Apollo Health Street d/b/a Patient Financial Services, APOLLO HEALTH STREET, INC. d/b/a Apollo Health Street d/b/a Patient Financial Services, APOLLO HEALTH STREET, PATIENT FINANCIAL SERVICES, and DOES 1 through 10, inclusive,<br><br>Defendant(s) | **CLASS ACTION COMPLAINT**<br><br>Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Gerta Ahmeti and Astrit Ahmeti (hereinafter, collectively, "Plaintiffs") on behalf of themselves individually, and on behalf of all others similarly situated, allege as follows:

## I.      INTRODUCTION

1.      This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq.

2.      In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use.  Despite these plain truths, Defendants (defined herein) used inappropriate tactics to collect a consumer debt.

3.      Upon information and belief, Defendants used these very same tactics across the country against hundreds, if not thousands, of individuals who fall within the ambit of the

protections of the FDCPA.

4.    Absent this action, Defendants' inappropriate tactics would continue unabated.

## II.    THE PARTIES

5.    Plaintiff Gerta Ahmeti is an adult individual citizen of the Commonwealth of Pennsylvania, who resides in the City of Philadelphia.

6.    Plaintiff Astrit Ahmeti is an adult individual citizen of the Commonwealth of Pennsylvania, who resides in the City of Philadelphia.

7.    Each Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

8.    Defendant SUTHERLAND GLOBAL SERVICES, INC. d/b/a Apollo Health Street d/b/a Patient Financial Services (hereinafter, individually, "Sutherland") is a corporation organized under the laws of the State of New York, whose business is collection of delinquent consumer debts, that maintains an office at 2 Brighton Road Clifton, NJ 07012-1645.

9.    Defendant APOLLO HEALTH STREET, INC. d/b/a Apollo Health Street d/b/a Patient Financial Services (hereinafter, individually, "AHSI") is a corporation organized under the laws of the State of New Jersey, whose business is collection of delinquent consumer debts, that maintains an office at 2 Brighton Road Clifton, NJ 07012-1645.

10.    Defendants Sutherland and AHSI operated a debt collection agency, under the fictitious names "Apollo Health Street" and/or "Patient Financial Services," and regularly collect and/or attempt to collect debts owed (or alleged to be owed) to others from a location known as 2 Brighton Road Clifton, NJ 07012-1645.

11.    Defendants APOLLO HEALTH STREET (hereinafter, individually, "Apollo") is a business entity, located in Clifton, NJ, that regularly collects and/or attempt to collect debts

owed (or alleged to be owed) to others from a location known as 2 Brighton Road Clifton, NJ 07012-1645.

12.     Defendants PATIENT FINANCIAL SERVICES (hereinafter, individually, "Apollo") is a business entity, located in Clifton, NJ, that regularly collects and/or attempt to collect debts owed (or alleged to be owed) to others from a location known as 2 Brighton Road Clifton, NJ 07012-1645.

13.     Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

14.     Unless otherwise specified, Plaintiff will refer to all Defendants collectively as "Defendant" and each allegation pertains to each Defendant.

### III.     JURISDICTION AND VENUE

15.     This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

16.     The Eastern District of Pennsylvania is the proper venue for this litigation pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendants are subject to personal jurisdiction in this district.

## IV.  STATEMENT OF CLAIMS

### A.  BACKGROUND

17.    Defendant regularly conducts business in the Eastern District of Pennsylvania, and is engaged in the business of debt collection within the Commonwealth of Pennsylvania.

18.    Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA, and operates its debt collection enterprise from the same address.

19.    Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

20.    At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### i.  Correspondence of September 8, 2014

21.    In September of 2014, Plaintiff Astrit Ahmeti received a letter regarding an alleged debt, dated September 24, 2014 (hereinafter "September 8 Letter").  A true and correct copy of the letter (redacted for privacy) is marked and attached hereto as Exhibit "A."

22.    The alleged debt at issue was incurred during the course of the personal medical treatment at Jeanes Hospital received by Plaintiff Astrit Ahmeti's daughter.  See Exhibit "A."

23.    This letter was purportedly sent by:

> **PATIENT FINANCIAL SVCS**
> ACCOUNT PROCESSING CENTER
> 2 BRIGHTON RD
> CLIFTON NJ 07012-1645

24.    The letter, however, also uses the following insignia of Jeanes Hospital in the top right corner:

4



25.     The first paragraph of the letter states:

DEAR ASTRIT AHMETI,
We have assigned the above referenced account to our billing vendor Apollo Health Street. A representative from Apollo Health Street has attempted to contact you on several occasions regarding your account. To date you have failed to resolve this account. Please understand that this account may be considered for further collection action.

26.     The letter is signed by "Patient Financial Services."  See Exhibit "A."

27.     The letter identifies the sequence "505003992045" as "Acct #."  See Exhibit "A."

28.     The letter was sent in a "glassine window" envelope and the sequence "505003992045" was clearly visible through this window.  See Exhibit "A."

29.     The sequence "505003992045" is used by Defendant to identify Plaintiff's account number and/or obligation at issue in the September 8 Letter.  See Exhibit "A."

30.     Accordingly, Defendant disclosed Plaintiff's "Acct #" on the face of the envelope Defendant used for a letter sent to Plaintiff.  See Exhibit "A."

**ii.     Correspondence of September 24, 2014**

31.     In September of 2014, Plaintiff Gerta Ahmeti received a letter regarding an alleged debt, dated September 24, 2014 (hereinafter "September 24 Letter").  A true and correct copy of the letter (redacted for privacy) is marked and attached hereto as Exhibit "B."

32.     The alleged debt at issue was incurred during the course of Plaintiff Gerta Ahmeti's personal medical treatment at Jeanes Hospital.  See Exhibit "B."

33.     Notably, the letter was purportedly sent by:

JEANES HOSPITAL
MAIL PROCESSING CENTER
2 BRIGHTON RD
CLIFTON NJ 07012-1645

34.     The letter uses the following insignia of Jeanes Hospital in the top right corner:



35.     The first sentence of the letter states:

DEAR  GERTA AHMETI,
Thank you for choosing Jeanes Hospital for your recent healthcare services. We have assigned the above referenced
account to our billing vendor Apollo Health Street.

36.     The letter is signed by "Patient Financial Services."  See Exhibit "B."

37.     The letter identifies the sequence "505004719066" as "Acct #."  Exhibit "B."

38.     The letter was sent in a "glassine window" envelope and the sequence "505004719066" was clearly visible through this window.  Exhibit "B."

39.     The sequence "505004719066" is used by Defendant to identify Plaintiff's account number and/or obligation at issue in the September 2014 Letter.

40.     Accordingly, Defendant disclosed Plaintiff's "Acct #" on the face of the envelope Defendant used for a letter sent to Plaintiff.  See Exhibit "B."

   ii.     **Correspondence of October 17, 2014**

41.     In October of 2014, Plaintiff Gerta Ahmeti received another letter regarding a different alleged debt, dated October 17, 2014 (hereinafter "October 17 Letter").  A true and

6

correct copy of the letter (redacted for privacy) is marked and attached hereto as Exhibit "C."

42.     The alleged debt at issue was also incurred during the course of Plaintiff's personal medical treatment at Jeanes Hospital.  <u>See</u> Exhibit "C."

43.     This letter was purportedly sent by:

> **PATIENT FINANCIAL SVCS**
> ACCOUNT PROCESSING CENTER
> 2 BRIGHTON RD
> CLIFTON NJ 07012-1645

44.     The letter, however, also uses the following insignia of Jeanes Hospital in the top right corner:



45.     The first sentence of this letter also states:

> DEAR  GERTA AHMETI,
> Thank you for choosing Jeanes Hospital for your recent healthcare services. We have assigned the above referenced account to our billing vendor Apollo Health Street.

46.     This letter is also signed by "Patient Financial Services."  <u>See</u> Exhibit "C."

47.     This letter identifies the sequence "505004695266" as "Acct #."  Exhibit "C."

48.     This letter was also sent in a "glassine window" envelope and the sequence "505004695266" was clearly visible through this window.  Exhibit "C."

49.     The sequence "505004695266" is used by Defendant to identify Plaintiff's account number and/or obligation at issue in the October 2014 Letter.

50.     Accordingly, Defendant disclosed Plaintiff's "Acct #" on the face of the envelope Defendant used for a letter sent to Plaintiff.  <u>See</u> Exhibit "C."

51.     The letters at issue were not sent by Jeanes Hospital.

52.     Rather, they were sent by Defendant, who used Jeanes Hospital's insignia to create a false appearance and/or impression that the letters at issue were sent by Jeanes Hospital.

53.     Indeed, Jeanes Hospital has only one location, at 7600 Central Avenue Philadelphia, PA 19111, and does not maintain any offices or a "Mail Processing Center" or an "Account Processing Center" at 2 Brighton Road Clifton, NJ 07012-1645.

54.     Rather, this is an address of Defendant's debt collection operation.

55.     Accordingly, to the extent that the September 8 Letter, September 24 Letter, and October 17 Letter (hereinafter, collectively, "Letters") state, represent, or imply that they were sent by Jeanes Hospital, the Letters are false and/or misleading.

56.     Moreover, although the letters were Defendant's initial communications with Plaintiffs regarding the alleged debts at issue, the letters:

   a.     Do not include any language required by Section 1692e(11) of the FDCPA; namely, "that the communication is from a debt collector;" and

   b.     Do not include the "validation notice" required by Section 1692g(a).

See 15 U.S.C. § 1692e(11), 1692g(a).

57.     Section 1692e of the FDPCAP generally provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

58.     Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

59.     Section 1692e(11) specifically states that a debt collector violates the FDCPA when it does not:

> [D]isclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector

15 U.S.C. § 1692e(11).

60. Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

61. Section 1692(f)(8) specifically prohibits "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer."

62. Because Defendant used letters indicating that they were from "Jeanes Hospital," which was materially false and/or misleading, Defendant violated the FDCPA.

63. In addition, because the "Acct #" was visible through the "glassine window," the Letters further violated the FDCPA.

64. The disclosure of "Acct #" on the face of the envelope violated Section 1692(f)(8). See Douglass, et al. v. Convergent Outsourcing, 765 F.3d 299 (3rd Cir. 2014).

65. Accordingly, as described herein, Defendant's actions violated the applicable provisions of the FDCPA.

66. Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

67. Indeed, Defendant has been sued for virtually identical conduct earlier in the U.S. District Court for the Eastern District of Pennsylvania. See Parodi v. Apollo Health Street, Inc., Docket No. 2:10-cv-00666-GP.

68. Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

9

69.    Plaintiffs and the Classes they seek to represent have been (and will continue to be) harmed due to Defendant's conduct, as set forth herein.

70.    Plaintiffs and the Classes they seek to represent have suffered and will continue to suffer damages due to Defendant's conduct, as set forth herein.

## CLASS ACTION ALLEGATIONS

71.    Plaintiffs bring this action on behalf of themselves and classes of similarly-situated individuals pursuant to Fed.R.Civ.P. 23.

72.    Plaintiff Astrit Ahmeti brings this action as a class action for Defendant's violations of the FDCPA on behalf of the following class: all persons, within the jurisdictional territory of the U.S. Court of Appeals for the Third Circuit, who were sent a letter from Defendant with "Acct #" visible on the face of the envelope, during the statutory period covered by this Complaint (the "FDCPA Envelope Class").

73.    Plaintiff Gerta Ahmeti brings this action as a nationwide class action for Defendant's violations of the FDCPA on behalf of the following class: all persons, who were sent a written communication by Defendant that did not include the language required by Section 1692e(11), during the statutory period covered by this Complaint (the "FDCPA Notice Class").

74.    Plaintiff Gerta Ahmeti also brings this action as a nationwide class action for Defendant's violations of the FDCPA on behalf of the following class: all persons, who were sent a written communication by Defendant that did not include the language required by Section 1692g(a) of the FDCPA, during the statutory period covered by this Complaint (the "FDCPA Validation Class").

75.    Plaintiff Gerta Ahmeti also brings this action as a state-wide class action for Defendant's violation of the FDCPA on behalf of the following class: all persons, who were sent

a communication by Defendant where the communication indicated that it was sent by Jeanes Hospital, during the statutory period covered by this Complaint (the "FDCPA Jeanes Hospital Class").

76.     The number of members in the FDCPA Envelope Class, and FDCPA Notice Class, FDCPA Validation Class, and the FDCPA Jeanes Hospital Class (hereinafter "Classes") is so numerous that joinder of all members is impracticable.  The exact number of members in the Classes can be determined by reviewing Defendant's records.  Plaintiffs are informed and believe and thereon allege that there are over a hundred individuals in the defined Class.

77.     Plaintiffs will fairly and adequately protect the interests of the Classes, and have retained counsel that are experienced and competent in class action and consumer litigation. Plaintiffs have no interests that are contrary to, or in conflict with, members of the Classes.

78.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

79.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Further, absent these actions, members of the Classes likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FDCPA.  In addition, Defendant is likely to continue to violate this statute.

80.     Furthermore, even if any member of the Classes could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual

11

members of the Class and provide for judicial consistency.

81.     There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole.  The questions of law and fact common to the Classes predominate over any questions affecting solely individual members of the action.  Among the common questions of law and fact are:

      a.     Whether Defendant is a debt collector, as that term is defined under the FDCPA;

      b.     Whether Defendant violated 15 U.S.C. § 1692e;

      c.     Whether Defendant violated 15 U.S.C. § 1692f;

      d.     Whether Defendant violated 15 U.S.C. § 1692g; and

      e.     Whether Plaintiffs and the members of the Classes have sustained damages and, if so, the proper measure of damages.

82.     Plaintiffs' claims are typical of the claims of members of the Classes.  Plaintiffs and members of the Classes have sustained damages arising out the same wrongful and uniform practices of Defendant.

83.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

### COUNT I
### Violation of the FDCPA
### (On behalf of the FDCPA Envelope Class)

84.     Plaintiff Astrit Ahmeti hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

85.     Defendant is a "debt collector" as that term is defined under the FDCPA.

86.     An attempt to collect upon a debt incurred during the course of personal medical

treatment falls within the scope of the FDCPA.  See Adams v. Law Offices of Stuckert & Yates, 926 F.Supp 521 (E.D.Pa. 1996); see also Pipiles v. Credit Bureau, Inc., 886 F.2d 22 (2nd Cir. 1989).

87.     As described herein, the actions of the Defendant violate the applicable provisions of the FDCPA.

88.     For example, Defendant mailed letters with visible personal information appearing on the outside of the envelope of said letters.

89.     As result of Defendant's violations of the FDCPA, Plaintiff and the members of the FDCPA Envelope Class have suffered damages in an amount to be determined at trial.

**COUNT II**
**Violation of the FDCPA**
**(On behalf of the FDCPA Notice Class)**

90.     Plaintiff Gerta Ahmeti hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

91.     As described herein, the actions of the Defendant violate the applicable provisions of the FDCPA.

92.     For example, Defendant mailed letters to consumer without the requisite FDCPA notice contained in said letters.

93.     As result of Defendant's violations of the FDCPA, Plaintiff and the members of the FDCPA Notice Class have suffered damages in an amount to be determined at trial.

**COUNT III**
**Violation of the FDCPA**
**(On behalf of the FDCPA Validation Class)**

94.     Plaintiff Gerta Ahmeti hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

95.     As described herein, the actions of the Defendant violate the applicable provisions of the FDCPA.

96.     For example, Defendant never provided consumers with the requisite "validation notice," as required by FDCPA.

97.     As result of Defendant's violations of the FDCPA, Plaintiff and the members of the FDCPA Validation Class have suffered damages in an amount to be determined at trial.

**COUNT IV**
**Violation of the FDCPA**
**<u>(On behalf of the FDCPA Jeanes Hospital Class)</u>**

98.     Plaintiff Gerta Ahmeti hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

99.     As described herein, the actions of the Defendant violate the applicable provisions of the FDCPA.

100.    For example, the Letters send by Defendant to Plaintiff gave the false appearance that they were sent by Jeanes Hospital.

101.    As result of Defendant's violations of the FDCPA, Plaintiff and the members of the FDCPA Validation Class have suffered damages in an amount to be determined at trial.

**V.      <u>CLAIM FOR RELIEF</u>**

WHEREFORE, Plaintiffs respectfully pray for:

a.      A Declaration that Defendant has violated the applicable provisions of the FDCPA;

b.      An Order designating this action as a class action pursuant to Federal Rule of Civil Procedure 23;

c.      An Order appointing Plaintiffs and counsel to represent the Classes;

    d.       An Order enjoining Defendant from any further violations of the FDCPA;

    e.       Actual damages;

    f.       Statutory damages;

    g.       Attorneys' fees and costs; and

    h.       Such other relief as the Honorable Court shall deem just and appropriate.

## VI.    <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury as to all issues so triable.

Date: <u>May 13, 2015</u>

           Respectfully submitted,

           **KALIKHMAN & RAYZ, LLC**

           Arkady "Eric" Rayz
           Demetri A. Braynin
           1051 County Line Road, Suite "A"
           Huntingdon Valley, PA 19006
           Telephone:  (215) 364-5030
           Facsimile:  (215) 364-5029
           E-mail: erayz@kalraylaw.com
           E-mail: dbraynin@kalraylaw.com

           **CONNOLLY WELLS & GRAY, LLP**
           Gerald D. Wells, III
           Robert J. Gray
           2200 Renaissance Blvd., Suite 308
           King of Prussia, PA 19406
           Telephone:  (610) 822-3700
           Facsimile:  (610) 822-3800
           Email: gwells@cwg-law.com
           Email: rgray@cwg-law.com

           Counsel for Plaintiffs and the Proposed
           Class(es)

# EXHIBIT "A"

**PATIENT FINANCIAL SVCS**
ACCOUNT PROCESSING CENTER
2 BRIGHTON RD
CLIFTON NJ 07012-1645



# Jeanes
# Hospital
Temple University Health System

**Date:**   September 08, 2014



ASTRIT AHMETI

| | |
|---|---|
| **Facility:** | JEANES HOSPITAL |
| **Balance:** | $241.55 |
| **Service Date:** | 01/09/2014 - 01/09/2014 |
| **Acct #:** | ▉▉▉▉▉▉ |
| **Patient:** | ▉▉▉▉▉▉ |

DEAR  ASTRIT AHMETI,

We have assigned the above referenced account to our billing vendor Apollo Health Street. A representative from Apollo Health Street has attempted to contact you on several occasions regarding your account. To date you have failed to resolve this account. Please understand that this account may be considered for further collection action.

We realize this could be an oversight on your part and ask that you please call your account representative at the number listed below to resolve your account.

- If you have insurance coverage, please call us with the information available.
- If you DO NOT have insurance coverage, please mail your payment to Jeanes Hospital and mail it directly to:

  ♦ **Jeanes Hospital**
  **7600 Central Ave**
  **Philadelphia, PA 19111**
  **Attn: Cashier Dept. Main Lobby 1st Floor**

- If you want to make a payment arrangement, please call the phone number below.
- If you want to contact Apollo online, please visit their secure website https://www.assistingpatients.com.

**Si necesita un representante que lo ayude en español por favor llame al numero localizado en la parte inferior de esta carta.**

Patient Financial Services
(800) 697-0824

-------------------------------------------------------PLEASE CUT HERE AND RETURN WITH YOUR PAYMENT-------------------------------------------------------

| **Account No:** | **Statement Date:** | **Please Pay This Amount:** | **Amount Paid:** |
|---|---|---|---|
| ▉▉▉▉▉ | September 09, 2014 | 241.55 | |

JEANES HOSPITAL
7600 CENTRAL AVE
PHILADELPHIA PA 19111-2442



# EXHIBIT "B"

**JEANES HOSPITAL**
MAIL PROCESSING CENTER
2 BRIGHTON RD
CLIFTON NJ 07012-1645



**Date:**   September 24, 2014



GERTA AHMETI

| | |
|---|---|
| **Facility:** | JEANES HOSPITAL |
| **Balance:** | $34.18 |
| **Service Date:** | |
| **Acct #:** | |
| **Patient:** | GERTA AHMETI |

DEAR  GERTA AHMETI,

Thank you for choosing Jeanes Hospital for your recent healthcare services. We have assigned the above referenced account to our billing vendor Apollo Health Street.

A financial counseling representative may be reached at the number listed below.

- If you have insurance coverage that you believe may cover the balance, please forward that information to Apollo at the address listed above.
- If you DO NOT have insurance coverage, be advised that the balance shown above is your responsibility. Please make your check payable to Jeanes Hospital and mail it directly to:



> ♦ **Jeanes Hospital**
> **7600 Central Ave**
> **Philadelphia, PA 19111**
> **Attn: Cashier Dept. Main Lobby 1st Floor**

- If you want to make payment arrangements, please call the number listed below.
- If you want to contact Apollo online, please visit their secure website https://www.assistingpatients.com.

**Si necesita un representante que lo ayude en español por favor llame al numero localizado en la parte inferior de esta carta.**

Patient Financial Services
(800) 697-0824

1,640

---------------------------------------------PLEASE CUT HERE AND RETURN WITH YOUR PAYMENT----------------------------------------------

| **Account No:** | **Statement Date:** | **Please Pay This Amount:** | **Amount Paid:** |
|---|---|---|---|
| | September 25, 2014 | 34.18 | |

JEANES HOSPITAL
7600 CENTRAL AVE
PHILADELPHIA PA 19111-2442



PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE AND FEES
PAID
MAILED FROM
ZIP CODE 37229
PERMIT #3918

**JEANES HOSPITAL**
MAIL PROCESSING CENTER
2 BRIGHTON RD
CLIFTON NJ 07012-1645

GERTA AHMETI
2915 MCKINLEY ST
PHILADELPHIA PA 19149-3008



DEAR  GERTA AHMETI,

HJETCP1

# EXHIBIT "C"

**PATIENT FINANCIAL SVCS**
ACCOUNT PROCESSING CENTER
2 BRIGHTON RD
CLIFTON NJ 07012-1645



**Date:**   October 17, 2014



GERTA AHMETI

| | |
|---|---|
| **Facility:** | JEANES HOSPITAL |
| **Balance:** | $92.25 |
| **Service Date:** | |
| **Acct #:** | |
| **Patient:** | GERTA AHMETI |

DEAR  GERTA AHMETI,

Thank you for choosing Jeanes Hospital for your recent healthcare services. We have assigned the above referenced account to our billing vendor Apollo Health Street.

Please call your account representative at the number listed below to assist you with your account.



- If you have insurance coverage, please have the information available.
- If you DO NOT have insurance coverage, please make your check payable to Jeanes Hospital and mail it directly to:
  - ♦ **Jeanes Hospital**
    **7600 Central Ave**
    **Philadelphia, PA 19111**
    **Attn: Cashier Dept. Main Lobby 1st Floor**
- If you want to make a payment arrangement, please call the phone number listed below.
- If you want to contact Apollo online, please visit their secure website https://www.assistingpatients.com.

**Si necesita un representante que lo ayude en español por favor llame al numero localizado en la parte inferior de esta carta.**

Patient Financial Services
(800) 697-0824

1,020

--------------------------------------PLEASE CUT HERE AND RETURN WITH YOUR PAYMENT-------------------------------------

| **Account No:** | **Statement Date:** | **Please Pay This Amount:** | **Amount Paid:** |
|---|---|---|---|
| | October 20, 2014 | 92.25 | |

JEANES HOSPITAL
7600 CENTRAL AVE
PHILADELPHIA PA 19111-2442

